UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Case No. 15-14066-BKC-AJC |
| 100M WATERFORD LLC, *et al.,* | Chapter 11 |
| Debtors. | (Jointly Administered) |
| _____/ | |

**LIMITED OBJECTION OF LANDLORD SRA/LINCOLN THEATER, LLC TO MOTION OF DEBTORS FOR AN ORDER (I) AUTHORIZING THE DEBTORS TO REJECT CERTAIN UNEXPIRED LEASES OF NON-RESIDENTIAL REAL PROPERTY, *NUNC PRO TUNC*, AND (II) SETTING DEADLINE TO FILE CLAIMS FOR REJECTION DAMAGES IN CONNECTION THEREWITH**

SRA/Lincoln Theater, LLC (**"Landlord"**), by and through undersigned counsel, objects on a limited basis (this **"Limited Objection"**) to the above-captioned debtors' (**"Debtors"**) *Emergency Omnibus Motion by Debtors-in-Possession for Entry of Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases of Non-Residential Real Property, Nunc Pro Tunc, and (II) Setting Deadline to File Claims for Rejection Damages in Connection Therewith Emergency Omnibus Motion by Debtors-in-Possession for Entry of Order (I) Authorizing the Debtors to Reject Certain Unexpired Leases of Non-Residential Real Property, Nunc Pro Tunc, And (II) Setting Deadline to File Claims for Rejection Damages in Connection Therewith* filed on March 17, 2015 [D.E. 36] (the **"Motion"**), and states:

**Brief Background**

1. On or about February 15, 20125, Debtor 100M Lincoln LLC (the "**Tenant**") entered into that certain Lease Agreement with the Landlord (the **"Lease Agreement"**), whereby Landlord leases commercial space in the building located at 542-555 Lincoln Road in Miami Beach, Florida (the "**Premises**"). A copy of the Lease is attached hereto as **Exhibit A**. In the current year, the Lease provides that the annual rent is approximately $820,000.00 per year.

1

2. On or about May 1, 2013, Tenant entered into a Sublease (the **"Sublease"**) with Lincoln Operator, LLC (the "**Subtenant**").  Upon information and belief, the Subtenant is not affiliated with the Debtors, but is a franchisee of one of the Debtors.

3. In the Motion, the Debtors seek authority to reject both the Lease and the Sublease.

## Discussion

4. The Landlord does not object to the Tenant's request for authority to reject the Lease.  However, the Landlord does object to the relief requested by the Tenant to the extent that (i) the effective date of rejection is incompatible with the terms of the Lease, and (ii) the terms of the Order entered by this Court do not clearly state that the Sublease is terminated upon the effective date of rejection.

5. Section VII of the Lease provides that

> At the expiration of this Lease, Tenant shall surrender the Premises in a good and clean condition, except for reasonable wear and loss by fire or other casualty the repair of which is expressly stated herein to be the Landlord's responsibility, and shall surrender all keys for the Premises to Landlord and shall inform Landlord of all combinations of locks, safes and vaults, if any, in the Premises. All non-movable alterations, additions, improvements, air-conditioning machinery, compressors and equipment and fixtures (other than unattached, movable trade fixtures, kitchen appliances and equipment, signs, inventory, decorative lighting and miscellaneous décor items) which may be made or installed by Landlord or Tenant upon the Premises shall remain upon and be surrendered with the Premises and become the property of Landlord at the termination of this Lease.

6. In the paragraph 14 of the Debtor's Motion, the Debtors state that "[t]he Debtors have ceased operations at the premises subject to the applicable Rejected Leases and have turned over, or are in the process of turning over the applicable premises to the applicable landlord."

2

This statement is incorrect, as both the Lease and the Sublease are listed among the "Rejected Leases" listed in the Motion, yet the restaurant is still operating at the Premises.

7. At the hearing on the Motion, the Landlord will request that an order authorizing rejection of the Lease specifically provide that all Debtor (and non-Debtor) personnel vacate the space, turn over the space in "good and clean" condition, and surrender all keys and access codes and cards, and comply with the above-referenced terms of the Lease (as well as any other applicable Lease provisions), before the rejection is deemed effective.

**WHEREFORE,** Landlord requests that this Court enter an order authorizing rejection of the Lease that specifically provides that all Debtor (and non-Debtor) personnel vacate the space, turn over the space in "good and clean" condition, and surrender all keys and access codes and cards, and comply with the above-referenced terms of the Lease (as well as any other applicable Lease provisions), before the rejection is deemed effective, and for such other and further relief as the Court deems just and proper.

Dated: March 19, 2015
Miami, Florida

                         Respectfully Submitted,

                         **GREENBERG TRAURIG, P.A.**
                         333 S.E. 2nd Avenue, Suite 4400
                         Miami, Florida 33131
                         Phone: (305) 579-0500
                         Fax: (305) 579-0717
                         e-mail:  keenanp@gtlaw.com

                         By:    /s/ Paul J. Keenan Jr.
                              Paul J. Keenan Jr.
                              Florida Bar No. 594687

                         *Attorneys for Landlord*

## CERTIFICATE OF SERVICE

I hereby certify that on March 19, 2015, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or by first class U.S. mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      /s/ Paul J. Keenan, Jr.
      PAUL J. KEENAN, JR.

## SERVICE LIST

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Paul J. Battista    pbattista@gjb-law.com, gjbecf@gjb-law.com
- Mark D. Bloom    bloomm@gtlaw.com, MiaLitDock@gtlaw.com;miaecfbky@gtlaw.com
- Alexandra D Blye    ablye@cfjblaw.com, kdemar@cfjblaw.com;wpbecf@cfdom.net
- Drew M Dillworth    ddillworth@stearnsweaver.com, mfernandez@stearnsweaver.com;bank@stearnsweaver.com;rross@stearnsweaver.com;dillworthcdp@ecf.epiqsystems.com;cgraver@stearnsweaver.com
- Mariaelena Gayo-Guitian    mguitian@gjb-law.com, gjbecf@gjb-law.com;vlambdin@gjb-law.com;cesser@gjb-law.com;chopkins@gjb-law.com
- Jordi Guso    jguso@bergersingerman.com, fsellers@bergersingerman.com;efile@bergersingerman.com;efile@ecf.inforuptcy.com
- Paul J. Keenan, Jr.    keenanp@gtlaw.com, mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Matthew S Kish    matt@kish-law.com, kishmatthew@ecf.inforuptcy.com
- Paul J McMahon    pjm@pjmlawmiami.com
- Ari Newman    newmanar@gtlaw.com, crossmann@gtlaw.com;mialitdock@gtlaw.com;miaecfbky@gtlaw.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov
- Zach B Shelomith    zshelomith@lslawfirm.net, jleiderman@lslawfirm.net;fplechacdiaz@lslawfirm.net;zshelomith@ecf.inforuptcy.com
- Ronald M Tucker    rtucker@simon.com, cmartin@simon.com;antimm@simon.com;bankruptcy@simon.com
- Dean C Waldt    waldtd@ballardspahr.com, direnzop@ballardspahr.com;pollack@ballardspahr.com

**Manual Notice List**

The following is the list of **parties** who are **not** on the list to receive email notice/service for this case (who therefore require manual noticing/service).

>Soneet R Kapila
>KapilaMukamal
>1000 S Federal Hwy #200
>Fort Lauderdale, FL 33316